MEMORANDUM **
Shamsher Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen to apply for adjustment of status and to reapply for asylum, withholding of removal, and relief under the Convention Against Torture. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, de Martinez v. Ashcroft, 374 F.3d 759, 761 (9th Cir.2004), and we deny in part and dismiss in part the petition for review.
The BIA did not abuse its discretion in denying Singh’s motion to reopen as untimely because Singh filed it more than one year after the final administrative decision. See 8 C.F.R. § 1003.2(c)(2) (generally requiring that a motion to reopen be filed within 90 days after a final decision is rendered). Further, Singh failed to adequately show changed circumstances in India, see 8 C.F.R. § 1003.2(c)(3)(ii), or to demonstrate eligibility for equitable tolling, see Socop-Gonzalez v. INS, 272 F.3d 1176, 1193 (9th Cir.2001) (equitable tolling applies where the party was ignorant of the limitations period due to circumstances beyond his control).
We lack jurisdiction to review Singh’s challenge to the BIA’s December 17, 2002 removal order, because Singh did not petition for review of that order. See Martinez-Serrano v. INS, 94 F.3d 1256, 1258 (9th Cir.1996) (holding that the Court reviews solely the motion to reopen and not the underlying deportation order on a petition for review of the BIA’s denial of a motion to reopen). Likewise, we lack jurisdiction to review Singh’s contention that the BIA should have exercised its sua sponte authority to reopen proceedings. See Ekimian v. INS, 303 F.3d 1153, 1156 (9th Cir.2002).
PETITION FOR REVIEW DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.